CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 11 2017

JULIA C. DUDLEY, CLERK
BY: /s/ DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| DENNY C. MELTON, | ) | CASE NO. 7:16CV00541 |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| HAROLD W. CLARKE, | ) | By: Hon. Michael F. Urbanski |
| Respondent. | ) | Chief United States District Judge |

Denny C. Melton, a Virginia inmate proceeding pro se, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254,[1] challenging the validity of his confinement on a judgment by the Halifax County Circuit Court. Respondent filed a motion to dismiss Melton's § 2254 petition, and Melton failed to respond, making the matter ripe for disposition. After review of the record, the court concludes that Melton's petition is time-barred and successive, requiring the motion to dismiss to be granted.

### I.  Background

On June 11, 1999, a jury convicted Melton of first-degree murder and use of a firearm in the commission of murder. The Halifax County Circuit Court sentenced Melton to 102 years in prison.

By counsel, Melton appealed to the Virginia Court of Appeals, but the court dismissed his petitions on February 3, 2000 and April 26, 2000. Melton appealed again, but the Supreme Court of Virginia refused his petition on August 17, 2000, and denied his petition for rehearing on September 15, 2000. Melton did not appeal to the Supreme Court

---

[1] Melton originally attempted to file a writ of habeas corpus pursuant to 28 U.S.C. § 2241, but the court recharacterized his petition as a § 2254.

of the United States; therefore, his conviction became final on December 15, 2000. Sup. Ct. R. 13 (Petition for a writ of certiorari is timely when filed with ninety days after entry of an order denying discretionary review.).

On June 21, 2002, Melton filed a § 2254 petition for a writ of habeas corpus.[2] On February 28, 2003, the court dismissed the petition as untimely. Melton v. Young, No. 7:02CV00759 (W.D. Va. Feb. 28, 2003). The district court later dismissed a motion for reconsideration, and the Fourth Circuit Court of Appeals denied Melton's appeal.

Over a decade later, Melton filed a state habeas petition on August 5, 2015 in the Halifax County Circuit Court. The circuit court dismissed the petition as untimely on August 10, 2016, and Melton did not appeal.

On September 23, 2016, Melton filed the current petition, alleging three claims of court error, all of which he presented to the Supreme Court of Virginia on direct appeal:

1. The trial court erred by refusing to grant the defense motion to strike as there was insufficient evidence to convict the defendant of murder and use of a firearm during a murder;

2. The trial court erred by failing to grant a mistrial when a witness indicated the defendant said he wanted to kill three other people; and

3. The trial court erred by failing to grant a mistrial where a witness testified that the defendant was in jail on a charge of possession of a firearm after being a convicted felon.

## II. Time-Bar

---

[2] Melton did not file a state habeas petition before his 2002 federal petition.

2

Under the Anti-terrorism Effective Death Penalty Act (AEDPA), a one-year period of limitation for federal habeas corpus runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

A petitioner can "toll" the federal habeas statute of limitation in two ways: statutory tolling and equitable tolling. Statutory tolling occurs when a petitioner files a state habeas petition within the federal habeas limitation period. The federal habeas statute of limitation is then tolled for the duration of the state habeas proceeding. 28 U.S.C. § 2244(d)(2). Equitable tolling only occurs when a petitioner shows "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544, U.S. 408, 418 (2005)).

Lastly, the Supreme Court has allowed for federal review of untimely petitions when the petitioner makes a colorable claim of actual innocence under McQuiggin v. Perkins, 133 S. Ct. 1924 (2013). However, for an actual innocence petition

> [t]o be credible, such a claim requires petitioner to support his allegations of constitutional error with *new reliable evidence*—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial. Because such evidence is obviously

3

unavailable in the vast majority of cases, claims of actual innocence are rarely successful.

Schlup v. Delo, 513 U.S. 298, 324 (1995) (emphasis added).

Melton's direct review proceedings ended on December 15, 2000, when he failed to appeal the Supreme Court of Virginia's decision to the Supreme Court of the United States within ninety days. Therefore, under § 2244(d), the statute of limitations expired 365 days later, on December 15, 2001. Melton did not file the current petition until September 23, 2016, more than a decade after the limitations period had expired.

Moreover, Melton cannot toll the federal habeas limitations period because (1) he did not file a state habeas petition within the one-year federal habeas limitation period,[3] and (2) he has not shown that his petition is entitled to equitable tolling.[4]

Lastly, Melton cannot excuse his untimeliness under McQuiggin because he has not proffered any "new" exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence demonstrating a colorable claim of actual innocence.

Therefore, none of Melton's claims are excused from the federal time-bar, and the court cannot review the merits of his claims.

### III. Successive Petition

The AEDPA also strictly limited the consideration of second or successive habeas petitions. See In re Williams, 444 F.3d 233, 235 (4th Cir. 2006) (abrogated on other grounds

---

[3] Melton did file a state habeas petition in the circuit court in 2015, but Melton has not shown that the new petition resets the federal habeas clock under § 2244(d)(1); regardless, the circuit court dismissed his petition as untimely. An untimely state habeas petition cannot toll the federal habeas statute of limitations. 28 U.S.C. § 2244(d)(2) (State habeas petition must be properly filed to toll the limitations period.).

[4] Melton merely states that "ineffective assistance of counsel" makes his petition timely. He offers no evidence to support his conclusory allegation; therefore, Melton fails to show that he pursued his rights diligently or that any external circumstance prevented his timely filing.

4

by In re Gray, 850 F.3d 139 (4th Cir. 2017)). Generally, courts must dismiss any second or successive claims with prejudice that were previously adjudicated on the merits. 28 U.S.C. § 2244(b); see also Villanueva v. United States, 346 F.3d 55, 60 (2d Cir. 2003). Untimeliness is considered an adjudication on the merits, unless the decision was erroneous: "the dismissal of a § 2255 petition as untimely under AEDPA presents a 'permanent and incurable' bar to federal review of the merits of the claim."[5] Id. at 61.

Additionally, a petitioner cannot bring "new" claims in a second or successive petition unless the applicant receives permission from the appropriate court of appeals by showing that (1) the claim relies on a new, previously unavailable, and retroactively applied rule of constitutional or federal law, or (2) if the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and the facts underlying the claim, if proven, would sufficiently establish by clear and convincing evidence that no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b).

At the threshold, Melton's petition does not satisfy the requirements of 28 U.S.C. § 2244(b)(2)(A), 2244(b)(3), or any of the successive petition exceptions. First, Melton fails under § 2244(b)(3) because he filed his first petition in 2002 and has not received permission from the Fourth Circuit to file a successive writ. Second, his petition does not satisfy the

---

[5] "[N]ot every numerically second petition is a 'second or successive' petition within the meaning of the AEDPA." In re Williams, 444 F.3d at 235. Petitions that are not considered successive include: (1) if a petition is first dismissed without prejudice on technical grounds, such as failure to exhaust state remedies, (2) if a claim was not ripe at the time of the first petition, such as when a new petition challenges an intervening judgment or when a petitioner seeks to file a Ford v. Wainwright, 477 U.S. 399 (1986) mental incompetency claim, and (3) when a prisoner uses a motion pursuant to 28 U.S.C. § 2255 or § 2254 to regain a right to appeal. See, e.g., In re Williams, 444 F.3d at 235 (discussing technical grounds); In re Gray, 850 F.3d at 142 (discussing new petition for intervening judgment); Panetti v. Quarterman, 551 U.S. 930 (2007) (discussing Ford motions for incompetence); In re Goddard, 170 F.3d 435, 438 (4th Cir. 1999) (discussing petitioner seeking to regain a right to appeal under § 2255); Evans v. Smith, 220 F.3d 306 (4th Cir. 2000) (exhaustive review of all exceptions).

requirements of § 2244(b)(2) because his claims are not based on a new, retroactive federal law or newly discovered evidence.[6] Third, Judge Kiser dismissed Melton's initial petition for untimeliness in 2003. Judge Kiser's dismissal was not erroneous; therefore, the petition is successive and not subject to any exception.[7]

## IV.

For the reasons stated, the court **GRANTS** the motion to dismiss. Melton's petition is time-barred and successive. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to Melton and to counsel of record for Respondent. Further, finding that petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(1), a certificate of appealability is **DENIED**.

ENTER: This _11_ day of October, 2017.

/s/ Michael F. Urbanski
Chief United States District Judge

---

[6] Melton raised all three of his claims during his direct appeal.

[7] Melton's conviction became final in 2000, the federal habeas statute of limitations expired one year later, in 2001, and Melton did not file his first § 2254 petition until 2002.

6